UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY TECHNOLOGY PARK, INC. : <br> : <br> vs. : <br> : <br> PHILIP STINSON, ESQUIRE : <br> and : <br> STINSON LAW ASSOCIATES, P.C. : <br> and : <br> CENTER FOR EDUCATION RIGHTS, LTD. : <br> and : <br> SPECIALEDLAW.NET, LLP : | No. 02-CV-3214 |

**<u>ORDER</u>**

AND NOW, this ____ day of _____, 2002, upon consideration of the Motion for Remand, Attorney's Fees and Costs of the Plaintiff, United Technology Park, Inc., and any response thereto, it is hereby ORDERED AND DECREED that said motion is GRANTED and the matter is REMANDED to the Delaware Court of Common Pleas. Plaintiff is to submit a Bill of Costs within ten (10) days of the date of this Order.

_____
McLaughlin            J.

19862_1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNIVERSITY TECHNOLOGY PARK, INC. | : | |
| | : | |
| vs. | : | |
| | : | No. 02-CV-3214 |
| PHILIP STINSON, ESQUIRE | : | |
| and | : | |
| STINSON LAW ASSOCIATES, P.C. | : | |
| and | : | |
| CENTER FOR EDUCATION RIGHTS, LTD. | : | |
| and | : | |
| SPECIALEDLAW.NET, LLP | : | |

**MOTION OF PLAINTIFF, UNIVERSITY TECHNOLOGY PARK, INC., FOR REMAND, COSTS, ATTORNEY'S FEES AND EXPEDITED CONSIDERATION**

Plaintiff, United Technology Park, Inc., by and through its undersigned counsel, hereby moves for a remand of the instant action to the Delaware County Court of Common Pleas, attorney's fees and costs and avers in support thereof as follows:

1. Plaintiff's Complaint was filed on May 13, 2002 and asserts claims for trespass and intentional interference with contractual relations. A copy of the Complaint has been submitted to the Court by the defendants.

2. Plaintiff's Complaint was accompanied by a Petition for a Preliminary Injunction and a Petition for Expedited Discovery. Copies of these Petitions are attached to this Motion as Exhibits "A" and "B" respectively.

3. On or about May 24, 2002, Defendants filed a Notice of Removal in the instant action. Counsel for the Plaintiff responded by letter to the Court dated May 28, 2002.

19862_1

      4.      On May 30, 2002, Defendants filed an Amended Notice of Removal. A telephonic conference was held with the Court on May 31, 2002.

      5.      On May 31, 2002, after the telephonic conference with this Court, the Delaware County Court of Common Pleas issued a Rule to Show Cause setting June 10, 2002 at 3 p.m. as the Hearing Date on Plaintiff's Petition for a Preliminary Injunction. A copy of the Rule to Show Cause is attached hereto as Exhibit "C".

      6.      Because of the pending hearing date on Plaintiff's Petition for a Preliminary Injunction, Plaintiff respectfully requests expedited consideration of this Motion.

      7.      Under 28 U.S.C. § 1441 (b), a civil action over which the district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable…."

      8.      On considering a Notice of Removal and Motion for Remand, the Court must consider only the allegations of the Complaint. The existence of the federal question must be clear from the face of the plaintiff's "well-pleaded" complaint. <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986).

      9.      Defendants assert that Plaintiff's Complaint may be removed because it raises federal questions in that it "seeks injunctive relief to protect the public from alleged 'waste and dissipation' by the defendants of the federal funds obtained by [plaintiff] pursuant to the Public Works and Economic Development Act of 1965, 42 U.S.C. § 3242(a)(1)(A)." Amended Notice of Removal, ¶ 7.

      10.      To the contrary, the Complaint raises state law claims for trespass and intentional interference with business relations, and seeks injunctive relief to address those claims. The Complaint makes reference to the fact that the plaintiff receives funding from both

state and federal sources.  This is descriptive information which does not create a federal question.

11.     The statute identified by Defendants has been repealed. See Pub. L. 105-393, Title I, § 102(c), November 123, 1998, 112 Stat. 367. The case cited by the Defendants, Howard Medical, Inc. v. Temple University Hospital, 2002 U.S. Dist. LEXIS 1599 (E.D.PA. February 1, 2002)(Yohn, J.), *supports plaintiff's position* in that there, plaintiff's state law claim was remanded to state court, notwithstanding the case's reference to the Medicare Act, 42 U.S.C. § 1395.

12.     Plaintiff's Complaint asserts that defendants have engaged in a series of dilatory and vexatious practices in the Court of Common Pleas in Delaware County, intended to delay Plaintiff's efforts to remove them from its Property.  The instant Notice of Removal and Amended Notice of Removal are further vexatious and baseless filings, intended solely to delay the state court's consideration of Plaintiff's Petition for a Preliminary Injunction.

13.     Under 28 U.S.C. § 1446(a), a Notice of Removal is subject to Rule 11 of the Federal Rules of Civil Procedure.  Plaintiff is filing a Motion for Sanctions in connection with defendants' Remand papers.

14.     Under 28 U.S.C. § 1447)(c), an Order remanding the case "may require payment of just costs and any actual expenses including attorney fees…"

15.     Plaintiff is entitled to  costs and attorney's fees for defendants' wrongful removal of this action.

16.     Plaintiff relies further upon its Memorandum of Law, filed herewith.

19862_1

WHEREFORE, Plaintiff United Technology Park, Inc. respectfully requests that this Court REMAND this action to the Delaware County Court of Common Pleas and award attorneys fees, costs and whatever further relief the Court finds just and equitable to the Plaintiff.

    Respectfully submitted,

    DILWORTH PAXSON LLP

    _____
    ROCCO P. IMPERATRICE, III, ESQUIRE
    I.D. No. 32181
    MARIANNE E. BROWN, ESQUIRE
    I.D. No. 50301
    11 Campus Boulevard, Suite 150
    Newtown Square, PA  19073
    610-325-3200
    F-610-325-3293
    Attorneys for Plaintiff

Dated:_____

## CERTIFICATE OF SERVICE

This is to certify that the Motion of Plaintiff, University Technology Park, Inc. for Remand, Costs, Attorney's Fees and Expedited Consideration along with supporting Memorandum of Law and Proposed Order was served upon Defendants via hand delivery on May 31, 2002 addressed as follows:

Philip Stinson, Esquire
Stinson Law Associates, P.C.
1450 Edgmont Avenue, Suite 200
Chester, PA 19013-3920

DILWORTH PAXSON LLP

_____
ROCCO P. IMPERATRICE, III, ESQUIRE
I.D. No. 32181
MARIANNE E. BROWN, ESQUIRE
I.D. No. 50301
11 Campus Boulevard, Suite 150
Newtown Square, PA 19073
610-325-3200
F-610-325-3293
Attorneys for Plaintiff

Dated:_____

19862_1