UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY TECHNOLOGY PARK, INC.  : | |
| : | |
| vs.  : | |
| : | No. 02-CV-3214 |
| PHILIP STINSON, ESQUIRE  : | |
| and  : | |
| STINSON LAW ASSOCIATES, P.C.  : | |
| and  : | |
| CENTER FOR EDUCATION RIGHTS, LTD.  : | |
| and  : | |
| SPECIALEDLAW.NET, LLP  : | |

## **ORDER**

AND NOW, this ____ day of _____, 2002, upon consideration of the Second Motion for Remand, Attorney's Fees and Costs of the Plaintiff, United Technology Park, Inc., and any response thereto, it is hereby ORDERED AND DECREED that said motion is GRANTED and the matter is REMANDED to the Delaware Court of Common Pleas. Plaintiff is to submit a Bill of Costs within ten (10) days of the date of this Order.

_____
McLaughlin                    J.

19922_1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY TECHNOLOGY PARK, INC. : | |
| : | |
| vs. : | |
| : | No. 02-CV-3214 |
| PHILIP STINSON, ESQUIRE : | |
| and : | |
| STINSON LAW ASSOCIATES, P.C. : | |
| and : | |
| CENTER FOR EDUCATION RIGHTS, LTD. : | |
| and : | |
| SPECIALEDLAW.NET, LLP : | |

**SECOND MOTION OF PLAINTIFF, UNIVERSITY TECHNOLOGY PARK, INC., FOR REMAND, COSTS AND ATTORNEY'S FEES**

Plaintiff, United Technology Park, Inc., by and through its undersigned counsel, hereby moves for a remand of the instant action to the Delaware County Court of Common Pleas, attorney's fees and costs and avers in support thereof as follows:

1. Plaintiff's Complaint was filed in the Delaware County Court of Common Pleas on May 13, 2002 and asserts claims for trespass and intentional interference with contractual relations. A copy of the Complaint has been submitted to the Court by the defendants.

2. Plaintiff's Complaint was accompanied by a Petition for a Preliminary Injunction and a Petition for Expedited Discovery. Copies of these Petitions were attached to Plaintiff's First Motion for Remand as Exhibits "A" and "B" respectively and are incorporated herein by reference.

3. On or about May 24, 2002, Defendants filed a Notice of Removal in the instant action. Counsel for the Plaintiff responded by letter to the Court dated May 28, 2002.

1

4. On May 30, 2002, Defendants filed an Amended Notice of Removal. A telephonic conference was held with the Court on May 31, 2002.

5. On May 31, 2002, Plaintiff filed a Motion to Remand. The Plaintiff requested expedited consideration of the Motion, as well as a shortened period of consideration for its proposed Motion for Sanctions, which requests were denied by the Court on June 3, 2002.

6. On June 4, 2002, Defendants filed a Second Amended Notice of Removal.

7. The Second Amended Notice of Removal does not cure the fatal defects of the Notice of Removal and the Amended Notice of Removal. Again, this third Removal notice is intended solely to further delay adjudication of Plaintiff's ongoing state court proceedings, and is filed without a basis in law.

8. The only substantive addition in the Second Amended Notice of Removal is a change in the citation to the federal statute by which Stinson alleges Plaintiff receives federal funding.

9. Under 28 U.S.C. § 1441 (b), a civil action over which the district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable…."

10. On considering a Notice of Removal and Motion for Remand, the Court must consider only the allegations of the Complaint. The existence of the federal question must be clear from the face of the plaintiff's "well-pleaded" complaint. <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986).

11. Defendants assert that Plaintiff's Complaint may be removed because it raises federal questions in that it "seeks injunctive relief to protect the public from alleged 'waste and dissipation' by the defendants of the federal funds obtained by [plaintiff] pursuant to the

2

Public Works and Economic Development Act of 1965, 42 U.S.C. § 3242(a)(1)(A)." Amended Notice of Removal, ¶ 7. In fact, no such federal Act, or any federal law, is cited in Plaintiff's Complaint.

12. To the contrary, the Complaint raises state law claims for trespass and intentional interference with business relations, and seeks injunctive relief to address those claims. The Complaint makes reference to the fact that the plaintiff receives public funding. Indeed, Paragraph 7 of the Complaint, which Stinson states creates federal jurisdiction, simply provides: "UTP is a publicly and privately funded entity, with its purpose to engage in commercial, profit-making endeavors intended to provide economic development to the economically depressed area of Chester, Pennsylvania." This descriptive information does not create a federal question.

13. The case Defendants continue to rely upon, <u>Howard Medical, Inc. v. Temple University Ho</u>spital, 2002 U.S. Dist. LEXIS 1599 (E.D.PA. February 1, 2002)(Yohn, J.), *supports plaintiff's position* in that there, plaintiff's state law claim was remanded to state court, notwithstanding the case's reference to the Medicare Act, 42 U.S.C. § 1395. Our case is even stronger, since Plaintiff's Complaint does not even refer to any particular federal statute, but simply notes that the Plaintiff relies upon federal and state funding. Despite Plaintiff bringing these facts to Defendants' attention in its original Motion for Remand (and its proposed Motion for Sanctions, which defendants have), Defendants again cite this case as supporting its position.

14. Plaintiff's Complaint asserts that Defendants have engaged in a series of dilatory and vexatious practices in the Court of Common Pleas in Delaware County, intended to delay Plaintiff's efforts to remove them from its Property. The instant Notice of Removal, Amended Notice of Removal, and Second Amended Notice of Removal are further vexatious

and baseless filings, intended solely to delay the state court's consideration of Plaintiff's Petition for a Preliminary Injunction. Stinson is wrongfully using the judicial process for the sole purpose of avoiding the rule of law.

15. Under 28 U.S.C. § 1447)(c), an Order remanding the case "may require payment of just costs and any actual expenses including attorney fees…"

16. Plaintiff is entitled to costs and attorney's fees it has incurred in connection with Defendants' _three_ wrongful removal notices in this action.

17. Plaintiff respectfully requests that this Court grant its original Motion for Remand, and rule the instant Motion moot. Such action by the Court will prevent Defendants from achieving an additional seven (7) day delay in the ongoing state court injunction proceedings.

18. Plaintiff relies further upon its Memorandum of Law, filed herewith.

WHEREFORE, Plaintiff United Technology Park, Inc. respectfully requests that this Court REMAND this action to the Delaware County Court of Common Pleas and award attorneys fees, costs and whatever further relief the Court finds just and equitable to the Plaintiff.

Respectfully submitted,

DILWORTH PAXSON LLP

_____
ROCCO P. IMPERATRICE, III, ESQUIRE
I.D. No. 32181
MARIANNE E. BROWN, ESQUIRE
I.D. No. 50301
11 Campus Boulevard, Suite 150
Newtown Square, PA  19073
610-325-3200
F-610-325-3293
Attorneys for Plaintiff

Dated:_____

**CERTIFICATE OF SERVICE**

      This is to certify that the Second Motion of Plaintiff, University Technology Park, Inc. for Remand, Costs and Attorney's Fees along with supporting Memorandum of Law and Proposed Order was served upon Defendants via first class mail on the date indicated below and addressed as follows:

Philip Stinson, Esquire
Stinson Law Associates, P.C.
1450 Edgmont Avenue, Suite 200
Chester, PA  19013-3920

DILWORTH PAXSON LLP

_____
ROCCO P. IMPERATRICE, III, ESQUIRE
I.D. No. 32181
MARIANNE E. BROWN, ESQUIRE
I.D. No. 50301
11 Campus Boulevard, Suite 150
Newtown Square, PA  19073
610-325-3200
F-610-325-3293
Attorneys for Plaintiff

Dated:_____

19922_1