```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNIVERSITY TECHNOLOGY PARK, INC.,  :      CIVIL ACTION
            Plaintiff              :
                                   :
      v.                           :
                                   :
PHILIP STINSON, ESQ., et al.,      :
            Defendants             :      NO. 02-3214
```

ORDER AND MEMORANDUM

AND NOW, this _____ day of June, 2002, upon consideration of the plaintiff's Motion for Remand, Costs and Attorney's Fees (Docket #6), the defendant's Response in Opposition thereto, and following a teleconference between the parties held on May 31, 2002, IT IS HEREBY ORDERED that, for the reasons that follow:

    1)    The plaintiff's Motion for Remand is GRANTED. This case is REMANDED to the Court of Common Pleas for Delaware County.

    2)    The plaintiff's Motion for Costs and Attorney's Fees is GRANTED. The plaintiff shall submit a Bill of Costs, with supporting affidavits, by June 21, 2002.

This case arises from a dispute between a lessor and a lessee. The plaintiff, University Technology Park, Inc. ("UTP") is the owner of a commercial building in Chester, Pennsylvania. In November of 1999, the defendants entered into a commercial lease agreement to lease a suite in the building. The plaintiff alleges that since occupying the suite, the defendants have made only two payments for rent and other expenses, and currently owe UTP in excess of $90,000.

The plaintiff filed the instant action in the Delaware County Court of Common Pleas on May 13, 2002. The complaint asserts state law claims for trespass and tortious interference with prospective contractual relations. The complaint seeks injunctive relief in the form of an order granting plaintiff immediate possession of the property and enjoining the defendants from remaining on the property.[1]

On May 24, 2002, the defendants filed a Notice of Removal. The defendants note that the complaint states that the plaintiff has received certain funds from the Federal Economic Redevelopment Authority. The defendants argue that because the complaint asserts that the granting of an injunction is in the

---

[1] UTP has also filed an action at law for rents due and ejectment. That action is currently pending in state court. See Complaint at ¶ 23.

public interest because it will "prevent further waste and dissipation of public funds", the complaint raises the federal question of whether there has been such a waste and dissipation. Therefore, the defendants assert that this Court properly has jurisdiction under 28 U.S.C. § 1331, and that removal was proper under 28 U.S.C. § 1441(b).

The plaintiff has moved for remand, arguing that the complaint, which asserts only state law causes of action, raises no federal questions and that removal was improper because this Court has no jurisdiction over the claims. The Court agrees.

The determination of whether this Court has jurisdiction over a cause of action under 28 U.S.C. § 1331 turns on whether the claim "arises under" federal law. Whether a claim arises under federal law must be determined by reference to the "well-pleaded complaint." See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Because a defendant "may remove a case only if the claim could have been brought in federal court . . . the question for removal jurisdiction must also be determined by reference to the well-pleaded complaint." Id. (citation and internal quotations omitted).

It is clear in this case that the complaint does not assert a federal cause of action, as it raises only state law claims of trespass and tort. The Supreme Court has, however,

recognized that although the "vast majority" of cases that arise under federal law are cases where federal law creates the cause of action, there may be instances where substantial federal questions may arise in a state law cause of action. Id. Where "the vindication of a right under state law necessarily turn[s] on some construction of federal law", a state law cause of action may raise questions arising under federal law. Id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983)). The defendants argue that this case presents just such a scenario.

It is apparent, however, that the determination of UTP's trespass and tort actions in state court does not depend on the construction of any federal law. Although the defendants argue that the question of "whether the defendants' actions constitute a waste and dissipation of federal funds" is raised by the complaint, the defendants have not shown, or even argued, that the right of the plaintiff to obtain the relief sought "necessarily turns on" the construction of any federal law.

The defendants argue that because UTP obtained federal funding pursuant to Title IX of the Public Works and Economic Development Act of 1965, as amended, 42 U.S.C. § 3121 et seq., that public policy somehow dictates that this case should be "governed by the Federal courts." Defs.' Br. at 4. The cases

cited by the defendants, however, do not even remotely support the exercise of federal jurisdiction in this case.

In support of their position, the defendants rely on the following language from Bennett v. Kentucky Department of Education, 470 U.S. 656 (1985): "[u]nlike normal contractual undertakings, federal grant programs originate in and remain governed by statutory provisions expressing the judgment of Congress concerning desirable public policy."  Bennett, 470 U.S. at 669.  However, the Supreme Court was merely making the point that the determination of whether a state would be required to refund federal grant money to the Department of Education could not be resolved by reference only to the terms of the grant, but that the authorizing statute, as well as the regulations and guidelines promulgated by the Department, had to be considered. Bennett, 470 U.S. at 669-70; See Inst. for Tech. Develop. v. Brown, 63 F.3d 445, 449 (5th Cir. 1995).  The Bennett court in no way suggested that when a party receiving federal funds brings a state law claim against a private party, the presence of federal funds somehow invokes a public policy that creates federal jurisdiction over the dispute.[2]

---

[2] In has been long understood that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow, 478 U.S. at 813.

Because the complaint presents only sate law claims that do not necessarily depend on the resolution of any substantial question of federal law, this Court has no jurisdiction to consider the claims, and this case must be remanded to state court.  See, e.g., Merrell Dow, 478 U.S. at 806; Howard Med., Inc. v. Temple Univ. Hosp., Civ. A. No. 00-5977, 2002 WL 169380, *3 (E.D. Pa. Feb. 1, 2002).

The plaintiff has also requested that the Court award costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

A district court "has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)."  Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).  There are no "definitive criteria against which costs and attorney's fee applications under section 1447(c) must be judged."  Id.  However, a "district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith."  Id.  Remand may be proper if, for example, there was "no colorable basis for the

removal" or if "the assertion in the removal petition that the district court had jurisdiction was, if not frivolous, at best insubstantial."  Id. at 1261.

In this case, the defendants have raised, at best, an insubstantial assertion that this court had jurisdiction over the removed complaint.  In addition, the defendants have failed to present colorable arguments supporting removal.  For that reason, the Court will award the plaintiff costs and fees incurred as a result of the removal.  See, e.g., Dianese v. Com. of Pa., No. Civ. A. 01-2520, 2002 WL 321407, *2 (E.D. Pa. Feb. 27, 2002); DPCC, Inc. v. Cedar Fair, L.P., 21 F. Supp.2d 488, 491-92 (E.D. Pa. 1998).

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.